**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| PAUL WESLEY KLINGER, JR. AND MINDEE KARINE KLINGER, | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:23-cv-204 |
| v. | § § | |
| HSBC BANK USA, N.A., AS TRUSTEE FOR TEXAS THE REGISTERED HOLDERS OF NOMURA HOME EQUITY LOAN INC., ASSET-BACKED CERTIFICATES, SERIES, 2007-3, | § § § § § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), HSBC Bank USA as Trustee for Merrill Lynch Mortgage Investors, INC., Mortgage Pass-Through Certificates, MANA Series 2007-AF1[1] ("HSBC" or "Defendant") files this notice of the removal of this action from the 344th Judicial District Court of Chambers County, Texas. Defendant submits this Notice in support of its removal. Removal is based on federal question and diversity of citizenship jurisdiction. Defendant respectfully shows as follows:

## INTRODUCTION

1.  On or about June 28, 2023, Plaintiffs Paul Wesley Klinger, Jr. and Mindee Karine Klinger ("Plaintiffs") filed their *Applicants' Application for Temporary Restraining Order* ("Petition") in Cause No. 23DCV0499 in the 344th Judicial District Court of Chambers County,

---

[1] The trust was incorrectly named by the Plaintiffs by using the name of the prior trust. Defendant should be named as HSBC Bank USA as Trustee for Merrill Lynch Mortgage Investors, INC., Mortgage Pass-Through Certificates, MANA Series 2007-AF1.

DEFENDANT'S NOTICE OF REMOVAL
MWZM: 14-000257-670                                                                                       Page 1 of 8

Texas, styled *Paul Wesley Klinger, Jr. and Mindee Karine Klinger v. Wilmington Savings Fund Society FSB as Trustee Stanwich Mortgage Loan Trust F and Carrington Mortgage Services LLC* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as **Exhibit A**. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of **Exhibit B**.

2. The allegations in the Petition relate to foreclosure proceedings on the real property located at 15141 Lakeview Drive, Baytown, Texas 77520, more particularly described as:

> BEING A 3.3261 ACRE TRACT OR PARCEL OF LAND, MORE OR LESS, OUT OF THE SOLOMON BARROW SURVEY, A-3, CHAMBERS COUNTY, TEXAS, AND BEING A PART OF THAT CERTAIN 265.1958 ACRE TRACT (CALLED 266.7955 ACRES IN DEED FROM STOKES ADAIR TO R. W. JOHNSON CONSTRUCTION COMPANY) AND BEING MORE PARTICULARLY DESCRIBED IN METES AND BOUNDS AS FOLLOWS: BEGINNING AT THE SOUTHEAST CORNER OF THE ABOVE MENTIONED 265.1958 ACRE TRACT, SAID POINT BEING MARKED BY A 4 INCH IRON PIPE; THENCE NORTH 00 DEGREES 31 MINUTES 55 SECONDS WEST WITH AN EAST LINE OF THE 265.1958 ACRE TRACT AND THE EAST LINE OF THIS TRACT A DISTANCE OF 505.97 FEET TO A 4 INCH IRON PIPE SET AT THE EDGE OF A LAKE; THENCE NORTH 72 DEGREES 05 MINUTES 43 SECONDS WEST WITH A NORTH LINE OF THE 265.1958 ACRE TRACT AND THE NORTH LINE OF THIS TRACT A DISTANCE OF 100.44 FEET TO A POINT; THENCE SOUTH 58 DEGREES 43 MINUTES 30 SECONDS WEST CONTINUING WITH A NORTH LINE OF THE 265.1958 ACRE TRACT AND THE NORTH LINE OF THIS TRACT A DISTANCE OF 58.48 FEET TO A POINT; THENCE SOUTH 78 DEGREES 27 MINUTES 00 SECONDS WEST CONTINUING WITH A NORTH LINE OF THE 265.1958 ACRE TRACT AND THE NORTH LINE OF THIS TRACT A DISTANCE OF 6986 FEET TO A POINT; THENCE SOUTH 22 DEGREES 33 MINUTES 25 SECONDS WEST WITH THE WEST LINE OF THIS TRACT BEING THE CENTERLINE OF A LAKE A DISTANCE OF 267.01 FEET TO A POINT; THENCE SOUTH 32 DEGREES 04 MINUTES 53 SECONDS EAST CONTINUING WITH THE WEST LINE OF THIS TRACT AND THE CENTERLINE OF A LAKE A DISTANCE OF 71.02 FEET TO A POINT; THENCE SOUTH 28 DEGREES 31 MINUTES 08 SECONDS WEST CONTINUING WITH THE WEST LINE OF THIS TRACT AND THE CENTERLINE OF A LAKE A DISTANCE OF 48.78

FEET TO A POINT; THENCE SOUTH 00 DEGREES 33 MINUTES 27 SECONDS EAST CONTINUING WITH THE WEST LINE OF THIS TRACT A DISTANCE OF 144.22 FEET TO A POINT IN A LAKE AND BEING SITUATED IN THE SOUTH LINE OF THE AFOREMENTIONED 265.1958 ACRE TRACT; THENCE NORTH 89 DEGREES 44 MINUTES 48 SECONDS EAST WITH THE SOUTH LINE OF THE 265.1958 ACRE TRACT AND THE SOUTH LINE OF THIS TRACT PASSING AT 118.22 FEET A 1/2 INCH IRON ROD CONTINUING IN ALL A DISTANCE OF 305.30 FEET TO THE POINT OF BEGINNING ENCLOSING 3.3261 ACRES, MORE OR LESS.

(the "Subject Property"). (*See* Petition at ¶ 12, Petition Exhibits A-B). In the Petition, Plaintiffs allege that there is a pending settlement offer to reinstate the loan and that due to an appeal pending they believe that the foreclosure of the Subject Property may be wrongful. (*See* Petition at ¶¶ 6-7 Petition Exhibits A-B). For these alleged reasons, Plaintiffs seek injunctive relief to prevent Defendant from proceeding with a foreclosure sale. (*Id*. at ¶10.)

3. This Notice of Removal is timely because Defendant has not been served, and thirty (30) days have not expired since Defendant appeared herein, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4. This action is removable to federal court pursuant to the diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.  There is diversity between the parties.**

5. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys` fees.

6. Plaintiffs are individuals and citizens of the state of Texas. (*See* Petition at ¶ 1).

7. HSBC is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which

controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). As a national banking association, HSBC's citizenship is determined solely by the location of its main office, as designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348. HSBC's main office is located in Virginia. Therefore, Trustee Bank is a citizen of Virginia for diversity purposes.

8.  There is complete diversity between Plaintiffs and Defendant in this matter because Plaintiffs and Defendant are not citizens of the same State. *See* U.S.C. § 1332(a)(1).

### B. Plaintiff's request for injunctive relief and damages exceeds $75,000.00.

9.  The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

10. "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exists. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013).

11. Plaintiffs have challenged Defendant's right to foreclose the Subject Property. (*See* Petition at Prayer). Further, Plaintiffs request an injunction prohibiting Defendant from foreclosing on the loan and selling the Property. (*See* Petition generally).

12. As a result, Plaintiff has put an amount in controversy equal to the value of the Property. The Chambers County Appraisal District shows the Property valued at $1,691,720.00 (*See* **Exhibits C, C-1**.) Accordingly, there is no question that Plaintiffs' Petition places an amount in controversy that significantly exceeds $75,000.00.

## **VENUE**

13. Venue for removal is proper in this district and division, the United States District Court for the Southern District of Texas, Galveston Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 344th Judicial District Court of Chambers County, Texas, the forum in which the removed action was pending.

**NOTICE**

14. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 344th Judicial District Court of Chambers County, Texas.

15. The contents of **Exhibit B** constitute the entire file of the State Court Action.

**CONCLUSION**

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District No. 21340
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
Southern District No. 3504182
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR DEFENDANT**

**LIST OF ALL KNOWN COUNSEL OF RECORD:**

For Plaintiffs:

Wes Klinger, Jr.
Texas Bar No. 11574700
15141 Lakeview Drive
Beach City, Texas 77523
(281) 383-3533
pwk@klingerlaw.com


For Defendant HSBC Bank USA as Trustee for Merrill Lynch Mortgage Investors, INC., Mortgage Pass-Through Certificates, MANA Series 2007-AF1:

Mark D. Cronenwett
Texas Bar No. 00787303
Vivian N. Lopez
Texas Bar No. 24129029
mcronenwett@mwzmlaw.com
vlopez@mwzmlaw.com
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

## INDEX OF DOCUMENTS ATTACHED

Exhibit A   Copy of the Docket Sheet for Cause No. 23DCV0499 in the 344th District Court of Chambers County, Texas;

Exhibit B   Filings in Cause No. 23DCV0499 in the 344th District Court of Chambers County, Texas;

    B-1   Applicant's Application for Temporary Restraining Order, filed June 28, 2023;

    B-2   Temporary Restraining Order (Proposed Order), filed June 28, 2023;

    B-3   Temporary Restraining Order, entered June 29, 2023.

Exhibit C   Declaration of Mark D. Cronenwett; and

    C-1   Print out from the Chambers County, Texas Appraisal District web-site, July 3, 2023;

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, a true and correct copy of the foregoing was served in the manner described below on the following:

*Via U.S. Mail:*
Wes Klinger, Jr.
Wes Klinger Law Office, PLLC
15141 Lakeview Drive
Beach City, Texas 77523
281-383-3533
281-383-3764 (Fax)
pwk@klingerlaw.com

                                                    */s/ Vivian N. Lopez*
                                                    **VIVIAN N. LOPEZ**