IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PAUL WESLEY KLINGER JR. and MINDEE KARINE KLINGER, | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:23-CV-00204 |
| v. | § § § | |
| HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-3, | § § § § § § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND BRIEF IN SUPPORT**

HSBC Bank USA as Trustee for Merrill Lynch Mortgage Investors, INC., Mortgage Pass-Through Certificates, MANA Series 2007-AF1[1] ("HSBC" or "Defendant"), files this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support in Support and respectfully shows the Court as follows:

### I. SUMMARY

On June 28, 2023, Plaintiffs Paul Wesley Klinger, Jr. and Mindee Karine Klinger ("Plaintiffs" or "Klingers"), borrowers on a mortgage loan, filed their *Applicants' Application for Temporary Restraining Order* ("Petition") against Defendant in Cause No. 23DCV0499 in the 344th Judicial District Court of Chambers County, Texas, styled

---

[1] The trust was incorrectly named by the Plaintiffs by using the name of the prior trust. Defendant should be named as HSBC Bank USA as Trustee for Merrill Lynch Mortgage Investors, INC., Mortgage Pass-Through Certificates, MANA Series 2007-AF1.

*Paul Wesley Klinger, Jr. and Mindee Karine Klinger v. HSBC Bank USA as Trustee for the Registered Holders of Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2007-3* (the "State Court Action").

In their Petition, Plaintiffs requested a temporary restraining and temporary injunction preventing Plaintiff from proceeding with the foreclosure of their residence located at 15141 Lakeview Drive, Baytown, Texas 77520. (See ECF No. 1, B-1.) Defendant timely and properly removed the case to this Court on July 3, 2023. (See ECF No. 1.) Plaintiffs alleged that the foreclosure sale needed to be cancelled because there was a pending settlement offer to reinstate the loan and that due to a pending appeal of a final judgment entered by this Court in Civil Case No. 3:21-cv-00148. However, Plaintiffs asserted no cause of action against Defendant and have failed to state a claim for which relief may be granted. As such, Plaintiffs' entire suit should be dismissed with prejudice.

## II. STANDARD FOR DISMISSAL UNDER RULE 12(B)(6).

Under Rule 12(b)(6) standard, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied*

*Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 667, (2009); *Pinela-Navarro v. BAC Home Loans Servicing LP*, EP-11-CV-131-PRM, 2011 WL 3666586 (W.D. Tex. July 29, 2011). The alleged facts must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### III. ARGUMENT AND AUTHORITIES

#### A.   Plaintiffs failed to state a claim for which relief may be granted.

Plaintiffs failed to state a claim. In their Petition, Plaintiffs indicated that there was a pending settlement offer to reinstate the loan and that there is a pending appeal of a final judgment; however, they do not provide a cause of action against the Defendant for which the Court can grant any type of relief. (ECF No. 1, B-1.)

As to the pending appeal, on May 1, 2023, this Court entered an Order Granting Plaintiff's Motion for Summary Judgment ("Final Judgment") against the Klingers in Civil Case No. 3:21-cv-00148 allowing Defendant to proceed with non-judicial foreclosure of the Property (the "Prior Action"). The Final Judgment was entered by the United States District Judge Jeffrey Vincent Brown. On May 24, 2023, the Klingers filed a Notice of Appeal to the Fifth Circuit Court. The appeal was docketed under Case No. 23-40370. On May 24, 2023, Plaintiffs filed a Motion to Stay Judgment in the Prior Action. The Klingers did not post bond or made any assertion as to their financial ability

to post bond. Defendant timely submitted its Response to the Motion to Stay Judgment. (Civil Case No. 3:21-cv-00148, ECF No. 51.) On June 12, 2023, the Court entered an Order in the Prior Action denying Plaintiffs' Motion to Stay Judgment and stating that the Klingers failed to post bond and to carry the burden of proving irreparable harm. Further, this Court stated the subject that the Klingers have been in default for almost a decade and that a granting stay may instead reward their avoidance tactics and abuse of the judicial process. (Civil Case No. 3:21-cv-00148, ECF No. 53 at p.3.)

As such, the Final Judgment remained enforceable, and Defendant was legally allowed to proceed with foreclosure of the Property. The Property was set for a foreclosure sale to occur on July 5, 2023. As another of the many delay tactics, one day prior to the foreclosure sale, Plaintiffs filed their Petition against Defendant only to obtain a temporary restraining order to stop the foreclosure sale, but Plaintiffs asserted no claims against Defendant. Federal Rules of Civil Procedure 12b(6) require Plaintiffs to state a claim upon which relief can be granted. FED. R. CIV. P. 12b(6). As Plaintiffs fail to plead any type of claim against Defendant for which relief may be granted, their suit must be dismissed with prejudice.

### B. Plaintiffs' request for injunctive relief fails.

Injunctive relief is an equitable remedy that should be denied when no substantive claims have been pleaded. *Kirksey v. America's Servicing Co.*, Case No. H-12-2859 2013 U.S. Dist. LEXIS 109049 at *12 (S.D. Tex. Aug. 2, 2013). *"*[T]o obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of

success on the merits of his or her claim." *Howard v. JP Morgan Chase NA,* No. SA-12-CV-00440-DAE, 2013 U.S. Dist. LEXIS 54433 at * 29 (W.D. Tex. Apr. 17, 2013).

Here, Plaintiffs assert no causes of action and/or claims against the Defendant. Accordingly, Plaintiffs' Petition does not demonstrate a likelihood of success on the merits because they fail on their face as no cause of action is being asserted. (ECF No. 1, B-1.) The Court should therefore deny Plaintiffs' Request for Temporary Injunction and dismiss the case with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully request this Court dismiss Plaintiffs' Original Petition with prejudice and grant Defendant all other relief to which they may be entitled.

Respectfully submitted,

By: */s/ Vivian N. Lopez*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District No. 21340
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
Southern District No. 3504182
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that July 10, 2023, a true and correct copy of the foregoing document was delivered to the following counsel of record via ECF Notification:

Wes Klinger, Jr.
Wes Klinger Law Office, PLLC
15141 Lakeview Drive
Beach City, Texas 77523
281-383-3533
281-383-3764 (Fax)
pwk@klingerlaw.com

                                     */s/ Vivian N. Lopez*
                                     **VIVIAN N. LOPEZ**